## OCEANCLIFF I OWNERS ASSOCIATION et al.

v.

## Bennie A. SISTO.

No. 95–84–A.

Supreme Court of Rhode Island.

Jan. 19, 1996.

Stephen Rodio, Providence.

Robert D. Wieck, Steven P. DeLuca, Providence.

### ORDER

This case came before a panel of the Supreme Court for oral argument on January 16, 1996, pursuant to an order that directed the defendant Bennie Sisto to show cause why his appeal should not be summarily denied and dismissed. The defendant has appealed an order of the Superior Court that granted the plaintiffs' motion for a preliminary injunction, which motion prohibited the defendant from interfering with the plaintiffs' property rights at the Oceancliff Resort in Newport, Rhode Island.

After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, we conclude that cause has not been shown and therefore the appeal is denied and dismissed.

The plaintiff time-share Oceancliff Owners Associations hold recorded easements over hotel property that was purchased by defendant's company, OSA, L.P., from the receiver for the hotel's former developer. The defendant purchased the hotel property subject to the recorded easements and time-share declarations.

After his purchase of the property, defendant locked the hotel's pool and tennis facilities and denied to plaintiffs access to their easements. The plaintiffs sought a temporary restraining order which was granted by a Superior Court justice. The plaintiffs next sought a motion for stay pending arbitration and a preliminary injunction, both of which were granted. The defendant appealed.

This Court's review of the issuance of a preliminary injunction is limited to examining whether the trial justice has abused her or his discretion in light of the purpose of the injunction, namely to preserve the rights of the parties pending final disposition of the matter. *DiLibero v. Swenson*, 593 A.2d 42, 44 (R.I.1991). Inasmuch as counsel for defendant admitted that defendant took actions that prevented plaintiffs from using their property, we conclude that the trial justice had sufficient evidence to grant the preliminary injunction. The trial justice in this case fully preserved the rights of the parties even to the extent of ordering, at defendant's request, that plaintiffs add defendant's limited partnership OSL, L.P. as an insured on plaintiffs' policy of insurance for the pool and tennis courts.

Therefore, we deny and dismiss this appeal and return the papers of the case to the Superior Court.

WEISBERGER, C.J., did not participate.